

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Mortimer Brown,
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2590
Re: Payability of benefits,
when designated beneficiary
is under indictment charg-
ing murder of the member.

In your letter of August 2, 1940, you request our opinion as to whom you should make payment of accumulated contributions of Celia Cavazos, deceased. We are advised that prior to her death the deceased was a member of the Teacher Retirement System and in writing had designated Santos Cavazos, her father, as her beneficiary. The District Attorney of Bexar County writes us that an indictment has been returned and is now pending in that county charging the said Santos Cavazos with the murder of the said Celia Cavazos. From data furnished us, it also appears that Santos has been twice married, there being living children by both marriages. Some of the full brothers and sisters of the deceased have signed and filed with you authorizations to make payment to Santos Cavazos, the designated beneficiary. A number of such brothers and sisters are minors, and authorization is attempted by their guardian, himself a brother of the deceased.

Article 2922-1, Vernon's Civil Statutes, sets up the Retirement System. Designation of a beneficiary is authorized under Section 5, Subsection 6, where it is also provided that in the absence of such designation the accumulated contributions shall be paid as provided by the laws of descent and distribution. The heirs of Celia Cavazos would be her brothers and sisters, half-brothers and half-sisters, and father--her mother being dead. Therefore, if there had been no designation of a beneficiary, or if the designation has been legally cancelled the accumulated contributions would be divided into two equal parts, one going

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Mortimer Brown, page 2.

to the father (if he is not prevented from taking it by reason of the cause of deceased's death), and the other half being divided among the brothers and sisters, half brothers and half sisters of the deceased, a full brother or sister receiving twice as much as a half brother or sister.

In the case of Murchison vs. Murchison, 203 S.W. 423, Beaumont Court of Civil Appeals, it was held (1) that one who is named as sole beneficiary in a life insurance policy and who feloniously kills the insured for the purpose of obtaining the insurance cannot recover on the contract, but (2) that the policy would not be defeated, the proceeds going to the estate, and that such beneficiary being the sole heir of the deceased--as such heir, not as beneficiary of the policy--was entitled to such proceeds.

In Mutual Life Insurance Co. of N. Y. vs. Armstrong, 117 U. S. 600, the opinion seems to be that a beneficiary who feloniously kills the insured cannot recover the insurance under the contract, regardless of the nature of the motive for the murder.

If Santos Cavazos feloniously killed Celia Cavazos, in our opinion the instrument signed by the deceased designating him as the beneficiary has been rendered null and void. If the above indictment is dismissed or if the defendant is tried and acquitted, payment may be made to him pursuant to the designation. So long as the indictment pends the money should be held in abeyance unless he waives or surrenders any rights he may have under the designation, in which event payment may be made to the heirs of the deceased. Under the Murchison case, we think he would receive half of such contributions, as an heir, regardless of the outcome of the indictment. If authorizations from all brothers and sisters, full and half blood, are filed, directing payment to Santos Cavazos, we think you could safely make payment to him, although the indictment still pends. It is doubtful, however, that such authorizations can be had, since a number of them are minors and it would be beyond a guardian's authority to bind his ward on such a

Hon. Mortimer Brown, page 3.


matter. Under the existing circumstances therefore we would advise that you withhold payment pending the outcome of the indictment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 13, 1940

BY Glenn R. Lewis

FIRST ASSISTANT
ATTORNEY GENERAL

Glenn R. Lewis
Assistant

GRL:jm

